UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | * | CIVIL ACTION NO. |
| OF TRIPLE S MARINE, LLC, AS | * | |
| OWNER AND OPERATOR | * | Section "___" |
| OF THE M/V LIL' MOE | * | |
| | * | Judge |
| PETITIONING FOR EXONERATION | * | |
| FROM OR LIMITATION OF LIABILITY | * | Magistrate |

## **COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

The Complaint of Triple S Marine, LLC ("Triple S") as owner and operator of the motor vessel M/V LIL' MOE, in a cause of exoneration from and limitation of liability, civil and maritime, under Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules of Admiralty and Maritime Claims, alleges upon information and belief as follows:

1.

At all times pertinent, Triple S was and is a limited liability corporation organized under and existing by virtue of the laws of the State of Louisiana, and was the owner of the M/V LIL' MOE.

2.

The M/V LIL' MOE is a Class A Tug, 18 meters (59.1 feet) in length and 9 meters (29.5 feet) wide, operating in, and located in, this judicial district at all pertinent times.

3.

Petitioner used due diligence to make the M/V LIL' MOE seaworthy, and it was prior to the casualty herein, tight, staunch, and fully and properly manned, equipped and supplied and in all respects seaworthy and fit for the service in which it was engaged.

4.

On or about September 16, 2025, while the M/V LIL' MOE was located in the navigable waters of the coast of Louisiana, and it was properly manned, equipped, and supplied. The M/V LIL' MOE docked near a facility owned by Performance Contractors Inc ("Performance").

5.

Michael Cascio alleges that he was injured while stepping off the Performance dock and onto an unrelated vessel, for the purpose of transit onto the M/V LIL' MOE. The planks of the Performance Dock broke under Mr. Cascio's weight causing him causing him "severe bodily injuries, harm and losses."

6.

Michael Cascio filed suit in the 19th Judicial District Court for the Parish of East Baton Rouge against Triple S and against Performance Contractors, Inc. Triple S's first notice of suit was January 5, 2026, when counsel for Mr. Casio tendered a copy of the filed petition to counsel for Triple S, and Triple S's first notice that Mr. Cascio's claim may exceed the limitation value of the vessel came just recently, when Mr. Cascio was recommended and underwent surgery, making this suit timely.

7.

The M/V LIL' MOE was not lost or abandoned as a result of the aforementioned incident, and it remained staunch, tight, strong and in service.

8.

The incident was not due to any fault, neglect or want of care on the part of petitioner, or anyone for whom said petitioner may be responsible.

9.

The incident was occasioned and occurred without the privity or knowledge of petitioner.

10.

While denying all liability, petitioner shows that in the event that it should be held liable to any degree to anyone, petitioners claim the benefit of limitation of liability provided in 46 U.S.C. § 30501 et seq  and in Rule F of the Supplemental Rules of Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, upon showing that the incident was occasioned and occurred without the privity or knowledge of petitioner.

11.

Petitioner's interest in the M/V LIL' MOE, as shown by the attached Affidavit, did not and does not exceed the sum of $1,800,000.

12.

Petitioner files herewith letters of undertaking in the total sum of $1,800,000 in accordance with Rule F(1), and petitioners are also prepared, in respect to security or appraisal, to act in accordance with the provisions of Rule F(1) and (7), when and if the Court should so warrant.

**WHEREFORE,** petitioner prays:

1) That the Court issue an injunction to restrain the commencement or prosecution of any action or actions against petitioner, its employees, the M/V LIL' MOE, and their insurers with respect to any claim for which petitioner seeks exoneration from or limitation of liability;

2) That the Court adjudge petitioner and the M/V LIL' MOE not liable to any extent whatsoever for damage of any kind arising out of the matters aforesaid or, in the alternative, should the Court adjudge petitioner and the M/V LIL' MOE liable in any amount

whatsoever, that said liability be limited to and not exceed the amount of petitioner's interest in the M/V LIL' MOE;

3) That a judgment be entered discharging petitioner and the M/V LIL' MOE from any and all further liability and forever enjoining the filing or prosecution of any claims against them as a consequence of the matters aforesaid;

4) That petitioner have such other and further relief as justice may require and this Court is competent to grant.

Respectfully submitted:

**BOHMAN | MORSE, LLC**

/s/Harry E. Morse

HARRY E. MORSE (#31515)
MARTIN S. BOHMAN (#22005)
400 POYDRAS STREET, SUITE 2050
NEW ORLEANS, LA 70130
TELEPHONE: (504) 930-4009
FAX: (888) 217-2744
E-MAIL: HARRY@BOHMANMORSE.COM
E-MAIL: MARTIN@BOHMANMORSE.COM

*Attorney for Triple S Marine as owner and operator of the M/V LIL' MOE*